Decided at PENDLETON, 13 August, 1898.

## FISK v. HUNT.

[54 Pac. 660]

1. AMENDING RETURN — COMPETENCY OF IMPEACHING AFFIDAVITS.— In determining whether an officer should be allowed to amend his return of service it is proper to consider affidavits showing that it would be impossible to truthfully make a sufficient return.

2. SERVICE BY MAIL.—Under Hill's Ann. Laws, §§ 528, 529, providing that service by mail may be made when the persons for and on whom it is made reside in different places, between which there is communication by mail, such a service is ineffectual where the copy was mailed at the place of residence of the person on whom it was to be made.

From Grant: MORTON D. CLIFFORD, Judge.

Action before a Justice of the Peace by Ralph Fisk against Martha Hunt and others, in which defendants attempted to appeal. The appeal was dismissed in the circuit court and defendants again appeal.

AFFIRMED.

For appellants there was an oral argument by *Mr. Jas. A. Fee.*

For respondent there was an oral argument by *Mr. H. H. Hendricks.*

MR. JUSTICE WOLVERTON delivered the opinion.

Judgment having been obtained by plaintiff in the
Justice's Court of Haystack Precinct, Grant County,
Oregon, defendants appealed to the circuit court, and
plaintiff moved to dismiss, for reasons, among others :
(1) That the return of the constable upon the notice of
appeal was false as it respects the usual place of abode
of the respondent, he being absent, and constructive ser-
vice having been ' attempted ; (2) that the pretended
service by mail was not made as by law directed ; and
(3) the return does not show service within Haystack
Precinct.   In order to show the falsity of the return
touching the residence of the respondent, he procured
and had filed several affidavits contradicting it, and
showing that such residence was elsewhere than as stated
by the officer.   Thereupon the appellants moved the
court for leave to the constable to amend his return,
basing the motion upon his affidavit filed therewith, and
at the same time moved the court to strike out the affida-
vits filed by the respondent as irrelevant and incompetent
to impeach the return.   The court denied both the mo-
tion to strike out and for leave to amend, and granted
the motion to dismiss ; and judgment having been ren-
dered accordingly, the defendants appeal to this court.

The questions made touching the return of the consta-
ble were confessed by the motion for leave to that officer
to amend the same, and therefore it becomes unneces-
sary for us to consider them.   It is pertinent, however,
for us to inquire whether the court below should not
have granted leave to amend.   The affidavit of the con-
stable, upon which the motion was based, omitting
formal parts, states the following :  '' That, immediately
upon the receipt of the above-mentioned notice of appeal,
I, acting in an official capacity, at once proceeded to
make diligent inquiry, and using every effort in my
power to find the above-named plaintiff, Ralph Fisk, for

the purpose of serving said notice of appeal on him. I found by such inquiry and efforts that the plaintiff above named had left the neighborhood, and that it was impossible to find him in person. Then I endeavored to find his home or usual place of abode. After due and diligent inquiry, I became convinced that his usual place of abode was at the home of William Anderson, in the above-mentioned precinct, county, and state. I immediately served the notice of appeal, duly certified to by me as constable as aforesaid, at the home of William Anderson, the usual abode of plaintiff, as above mentioned, in the care of Mrs. Carrie Anderson, a white person over the age of fourteen years, between the hours of six o'clock in the morning and nine o'clock in the evening or afternoon, to-wit, about three o'clock in the afternoon on the 16th day of September, 1896, on the above day and date ; and at the time I delivered said copy of said notice of appeal to Mrs. Carrie Anderson, the said Carrie Anderson, in answer to my inquiry in relation to the home or usual place of abode of the said Ralph Fisk, informed me in words to the effect that the home of William Anderson, the place where she then was, was the home of the said Ralph Fisk at that time. That, about one week after this, the said Carrie Anderson above named sent me word that her place was not the home of Ralph Fisk,— that he had gone away. I then went to said Anderson's place, and got the said copy of the notice of appeal, and took it away with me ; and, after making further inquiries in relation to the whereabouts of said Fisk on the same day, I returned the said copy to the said house of William Anderson and Carrie Anderson, and this time left the same, Mr. William Anderson receiving it. The next day I made diligent inquiry, and used my best ability to find out the postoffice address of said Ralph Fisk, and found that it was Wagner, Grant County, Oregon.

I then again served the said notice of appeal, by depositing in the said postoffice at Wagner, Grant County, Oregon, a copy thereof, duly prepared and certified to by me as constable as aforesaid, in a sealed envelope addressed to the said Ralph Fisk, at said Wagner, Grant County, state of Oregon, the place of residence of the said Ralph Fisk and postoffice address, with the postage prepaid. That the above-named defendants, appellants in the above-entitled cause, and said Ralph Fisk, reside in different places in said Grant County, within fifty miles of said postoffice at Wagner; and there is a tri-weekly mail going to and from the said Wagner and Winlock, and the said Wagner is the postoffice where the said Ralph Fisk at said day and date usually received his mail, the postoffice of the defendants being said Winlock, in said county; and the affiant has ever since the date of said deposit of said copy of notice of appeal in said postoffice, so directed to said Ralph Fisk, on the 22d day of September, 1896, during postoffice hours on said day, towit, about 3 o'clock p. m., received his daily mail at said postoffice, and said copy of said notice of appeal has never been returned.''

1. The question with the court below was whether, from the showing made, the officer was able truthfully to make a good and sufficient return evidencing a valid service; for, if it had been conceived that the showing was sufficient for the purpose, we take it that the court would not have hesitated to grant the leave requested. In determining this question, we are of the opinion that it was competent for the court to take into consideration also the affidavits which had been filed by the respondent showing most positively and unmistakably that the residence of the respondent on the said twenty-second day of September, 1896, was not with William Anderson

and Carrie Anderson, his wife, or at their place of residence. Since the return made was confessedly insufficient, and the question was whether the officer should be allowed to file an amended return, the opposing affidavits were not considered as impeaching the return itself, but as controverting the officer's ability to truthfully certify a competent service by amendment. For this purpose, in so far as it pertains to facts which the officer is compelled to ascertain from others, we have but little doubt of the relevancy of the opposing affidavits, whatever might be the rule as it respects the legitimacy of the use of such documents to impeach a direct return. Fitnam, Trial Proc., § 245. Aside from these affidavits, however, the showing of the constable is equivocal. He says he became convinced that the respondent's usual place of abode was at the home of William Anderson, but the result of his inquiries as disclosed by his affidavit seems to indicate that he was mistaken in that. But, upon the whole, we cannot say that the court below violated a sound and legal discretion in disallowing the motion for leave to amend. If it be questioned whether the opposing affidavits are here for our consideration in the absence of a bill of exceptions, it cannot help the appellants, because the court below evidently considered them, and the error must be made to appear upon the appeal before we can reverse.

2. It was also insisted that the constable could have made a good and sufficient return of service by mail, but the contention is not tenable. We would infer from the affidavit that the plaintiff's residence was at Wagner, while that of defendants was at Winlock,— different places within Grant County, between which there was communication by mail. But the deposit·was made in the postoffice at Wagner, addressed to the respondent

at Wagner. The statute provides (Hill's Ann. Laws, §§ 528, 529) that "service by mail may be made, when the person for whom the service is made, and the person on whom it is to be made, reside in different places, between which there is a communication by mail, adding one day to the time of service for every fifty miles of distance between the place of deposit and the place of address." "In case of service by mail, the copy must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of residence, and the postage paid. The service shall be deemed to be made on the first day after the deposit in the postoffice that the mail leaves the place of deposit for the place of the address, and not otherwise." These sections provide for substituted service in derogation of the common law, and a strict and literal compliance with them is required to confer jurisdiction on the appellate tribunal. 2 Enc. Pl. & Prac. 226. Such being the case, the deposit, to have been effectual as contemplated thereby, should have been made in the postoffice at Winlock, the appellant's place of residence, they being the parties for whom service was attempted; and it was insufficient to make the deposit at Wagner, the place of residence of the party on whom the service was intended to have been made. *Reed* v. *Allison*, 61 Cal. 461. These considerations affirm the judgment of the court below, and it is so ordered.

AFFIRMED.