Argued 16 October, decided 17 December, 1907.

## KNAPP *v.* WALLACE.

### 92 Pac. 1054.

CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS—JURISDICTION.

1. Before service of process on the president of a foreign corporation will confer jurisdiction, it must be made to appear that the corporation is doing business in the State, or is otherwise within its jurisdiction; but if the company is doing business in the State, or has an office therein in connection with its business, then the presence of an officer in connection therewith is the presence of the corporation.

SAME—SERVICE ON FOREIGN CORPORATIONS—PRESUMPTIONS.

2. So long as a corporation confines its operations to the State within which it was created, and it has no office or transacts no business in this State, no presumption can arise that service on the president of the corporation within this State is service on the corporation.

JUDGMENT—COLLATERAL ATTACK—JURISDICTION—PRESUMPTION.

3. Jurisdiction of the person of a defendant is presumed in support of a judgment only when he is within the territorial limits of the court, and, if he is not within such limits, the records must show service on him; hence, where a return, indorsed on the summons of a foreign corporation, does not show that such corporation is doing business in the State or has an office therein, it is insufficient to show service on the corporation, and, unless aided by recitals in the decree, the defect will render the decree void as against the corporation.

SAME.

4. Generally, if the record of a judgment is silent as to service, or, if in the absence of a return, there is a recital of due service in the judgment, then upon collateral attack jurisdiction will be conclusively presumed; but where the record contains the return of service, the recital must be considered as referring to such return.

CORPORATIONS—FOREIGN CORPORATIONS—SERVICE ON FOREIGN CORPORA-
　　TIONS—VALIDITY OF SERVICE—STATUTORY PROVISIONS—JURISDICTION.

5. Section 55, B. & C. Comp., provides that in an action against a private corporation, summons shall be served by delivering a copy thereof, etc., to the president, etc., or in case none of the officers named shall reside or have an office in the county where the cause of action arose, then to any clerk, etc., who may reside or be found in the county, and if no such officer be found, then by leaving a copy at the residence, etc., of such clerk or agent. A complaint

showed that defendant was a foreign corporation owning property in Josephine County in this State, and the return of service merely showed personal service on the president of the corporation in Multnomah County, without showing that it was made in the county where defendant corporation had its principal office or place of business, or that it was doing business in the State; and those facts did not appear in the record, though the decree recited an examination of the return made in the case, "wherefore, it is thereby and otherwise made to appear to the satisfaction of the court that the defendant corporation has been duly served with summons within the State." *Held*, that the record disclosed that there was no service on the corporation, and that the court acquired no jurisdiction over it; the decree in such a case will be held void on a collateral attack.

PROCESS—SERVICE—AMENDMENT BY EX-SHERIFF OF SERVICE BY DEPUTY.

6. An ex-sheriff cannot amend a return of a service made by his deputy during his term of office.

SAME—SUBSTITUTED SERVICE—TIME OF MAILING.

7. An affidavit for an order of service by publication stated defendant's postoffice address. The order required mailing accordingly. The summons required defendant to appear and answer "on or before the last day of the time prescribed in the order for the publication." The order for publication was dated May 16, 1904. The first publication was June 25, 1904, and the last August 6, 1904. The affidavit of mailing was made on January 4, and filed January 9, 1905, and stated that the copies of summons and complaint were mailed August 6, 1904. *Held*, that the mailing was not a compliance with the order of the court or the statute, and was insufficient to give the court jurisdiction.

SAME—AMENDMENT OF RETURN AFTER DECREE—LEAVE OF COURT.

8. Where plaintiff, four months after the entry of the decree, filed, as an amended return, an affidavit of the person making the original affidavit to the effect that the mailing was done on June 25, 1904, but it did not appear that leave of court was obtained to amend the return, nor that there was any showing made by affidavit on which to base the order, the amendment is ineffectual to aid the jurisdiction of the court.

CORPORATIONS — ACTIONS AGAINST FOREIGN CORPORATIONS — JURISDICTION—SUFFICIENCY OF AFFIDAVIT FOR PUBLICATION.

9. Where an affidavit for publication shows that defendant, a foreign corporation, with its principal office and place of business in California, had theretofore been engaged in mining in Josephine County, but had ceased operations there, and had no officer or agent therein on whom service could be made, but that its officers reside and are in California, it is sufficient to show that service could not be made in this State, in view of Section 55, B. & C. Comp., providing that in actions against a private corporation summons shall be served by delivering a copy to the president or other head of the corporation, etc., or managing auditor, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk, etc., who may reside or be found in the county, or, if no such officer be found, by leaving a copy, etc.

APPEAL—DISPOSITION OF CAUSE—REMANDING.

10. On appeal, in a foreclosure case, where it appeared from the record that defendant had a prior mortgage, but plaintiff, admitting the mortgage, claims it has been paid, but there is no proof of payment, and the trial court held a foreclosure by defendant valid, which on appeal is declared void, there is an issue undisposed of, and, where defendant's answer is in such a condition that the Supreme Court cannot give him the relief to which he is entitled, a final decree will not be rendered, but the case will be remanded with leave to defendant to amend his answer.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE EAKIN.

The complaint in this case sets out a cause of suit for foreclosure of a mortgage, bearing date of February 7, 1900, executed by Edgar T. Wallace, in favor of Mrs. O. Julien, upon mining lands in Josephine County, Oregon, as security for the payment of a promissory note for $1,445, with interest thereon at the rate of 10 per cent per annum; that thereafter on March 7, 1901, said Wallace conveyed said lands to the defendant, the Althouse Mining Co., a corporation, and on October 13, 1904, said Mrs. Julien duly assigned said note and mortgage to plaintiff, who is now the owner and holder thereof; that the defendant, the Althouse Mining Co., is a foreign corporation organized under the laws of the State of Maine; that its principal office and place of business is in Yreka, California; that defendant, James Camp, claims some interest under a prior mortgage, but that the same has been paid. The defendant, Camp, answers the complaint, alleging that he is the owner of a note and mortgage executed by defendant, Wallace, September 26, 1899, upon the same property in favor of Minnie P. Shotwell, in the sum of $4,256, with interest thereon at the rate of 10 per cent per annum, and that on May 14, 1904, he commenced a suit in the Circuit Court of the State of Oregon for Josephine County, to foreclose said mortgage, in which he made said Wallace and Mrs. Julien and the Althouse Mining Co., defendants; and on January 9, 1905, decree was rendered thereon in favor of this defendant, Camp, foreclosing his said mortgage and the rights of Mrs. Julien under the mortgage at that time owned by her, which is the one sought to be foreclosed by plaintiff, Knapp, in this suit, and pleads that decree as a bar to this suit. Plaintiff replied to the new matter of the answer, in which he questions the jurisdiction of the court to render the decree by reason of alleged defects in proof of service of the summons.                          REVERSED.

For appellant there was a brief and an oral argument by *Mr. William C. Hale.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

Opinion by MR. JUSTICE EAKIN.

1. At the trial, the judgment roll in the suit of *Camp* v. *Althouse Mining Co.* was offered in evidence by the plaintiff, to show want of jurisdiction of the court, and by the defendant to show jurisdiction. The proof of service of the summons upon the defendant, the Althouse Mining Co., appears by the return of the sheriff of Multnomah County, W. A. Story, by H. L. Moreland, his deputy, made on the 18th day of May, 1904, by personal service in Multnomah County on B. F. Walker, president of the said Althouse Mining Co.; but it does not show that such service was made in the county where defendant corporation had its principal office or place of business, or that it was doing business within the State of Oregon, nor does either of those facts appear anywhere in the record. Section 55, B. & C. Comp., provides that a corporation may be served by delivering a copy of the summons and certified copy of the complaint

"* * to the president or other head of the corporation, secretary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent."

2. Plaintiff insists that the record discloses want of jurisdiction, in that the sheriff's return shows service upon Walker, as president of the defendant corporation, in Multnomah County, without any showing that the company is doing business within the State or has an office therein, or that such officer was within the State upon business of the corporation. Whether this could be collaterally attacked upon the recital of this return, in case defendant were a domestic corporation, is not necessary for a decision here. But the defendant is a for-

eign corporation, and, before service in Oregon upon its president will confer jurisdiction, it must be made to appear that the corporation is doing business in Oregon, or otherwise within its jurisdiction. If the company is doing business in Oregon, or has an office therein, in connection with its business, then the presence of an officer in connection therewith is the presence of the corporation.

As said in *Farrell* v. *Oregon Gold Co.* 31 Or. 463, 467 (49 Pac. 876, 877) :

"So long as the corporation confines its operations to the state within which it was created, it cannot be subjected to the jurisdiction of a court of another state, where it has no office or transacts no business, by the service of process on some officer or agent while temporarily present in the latter state, because he cannot take the corporation with him beyond the jurisdiction of the state of its creation."

In such a case no presumption can arise that service on Walker, as president, within the State, is service upon the corporation. As said in 17 Am. & Eng. Enc. Law (2 Ed.), 1078: "Jurisdiction of the person of a defendant is presumed, in support of the judgment, only when he is within the territorial limits of the court, and, if he is not within such limits, the record must show service on him": *Galpin* v. *Page,* 85 U. S. (18 Wall.) 350 (21 L. Ed. 959). Therefore the return indorsed upon the summons is insufficient to show service upon the corporation.

3. Unless it is aided by the recitals in the decree, such defect renders the decree void as to defendant corporation, but the decree recites: "And now having fully examined the return made in the cause, wherefore it is thereby and otherwise made to appear to the satisfaction of the court that the defendant, Althouse Mining Co., has been duly served with summons within the State of Oregon," default is entered. The authorities are not in harmony as to when such a recital is conclusive upon a collateral attack, some holding that it is conclusive unless it is positively contradicted by the record; others holding that, if the record discloses the return upon which the recital

is based, and such return does not support the recital, it will not aid the return: See 1 Black, Judgments, §§ 273, 275. Mr. Justice FIELD, in *Galpin* v. *Page,* 85 U. S. (18 Wall.) 350, 365 (21 L. Ed. 959), in discussing presumptions in favor of the judgment of a court of general jurisdiction, says:

"It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject-matter of the action in which the judgment is given, but of the parties also. * * The latter (of the parties) should regularly appear, by evidence, in the record of service of process upon the defendant or his appearance in the action. * * But the presumptions, which the law implies in support of the judgments of superior courts of general jurisdiction, only arise with respect to jurisdictional facts, concerning which the record is silent. * * When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred. If, for example, it appears from the return of the officer, or the proof of service contained in the record, that the summons was served at a particular place, and there is no averment of any other service, it will not be presumed that service was also made at another and different place; or if it appear in like manner that the service was made upon a person other than the defendant, it will not be presumed, in the silence of the record, that it was made upon the defendant also. Were not this so, it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face. The answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed."

1 Black, Judgments, § 273, says:

"But, while it is inadmissible to contradict the record by extrinsic evidence, it is always open to the party to show that one part of the record contradicts another part. Thus the recital of service in a judgment may be contradicted by producing the original summons and return. But the contradiction must be explicit and irreconcilable."

In *Settlemier* v. *Sullivan*, 97 U. S. 444, 448 (24 L. Ed. 1110), where a judgment rendered in Oregon is collaterally attacked, it is said:

"Here it is contended that the recital in the entry of the default of the defendant in the case of the State court, 'that, although duly served with process, he did not come, but made default,' is evidence that due service on him was made, notwithstanding the return of the sheriff, and supplies its omission. But the answer is that the recital must be read in connection with that part of the record which gives the official evidence prescribed by statute. This evidence must prevail over the recital, as the latter, in the absence of an averment to the contrary, the record being complete, can only be considered as referring to the former."

4. This corporation is a nonresident, and when a judgment against a defendant, not within the territorial limits of the State, "is produced in evidence, the authority for its rendition must appear upon the face of its record. * * The presumptions of jurisdiction which exist in favor of the judgments of a court of general jurisdiction, when proceeding according to the course of the common law, ceases when the authority to render the judgment is made to depend upon a prescribed mode, according to special statutory provisions. * *. (In the latter case) no presumption will be indulged to sustain the judgment": Mr. Chief Justice LORD, in *Odell* v. *Campbell*, 9 Or. 298, 300. See, also, *Willamette Real Estate Co.* v. *Hendrix*, 28 Or. 485 (42 Pac. 514: 52 Am. St. Rep. 800). In *Northcut* v. *Lemery*, 8 Or. 316, 322, it is said:

"But where a decree contains a recital that due service was made, and the return of the sheriff purports to set out the mode of service, and the mode set out is insufficient, the recital will not aid the return."

To the same effect in *Heatherly* v. *Hadley*, 4 Or. 1; *Tustin* v. *Gaunt*, 4 Or. 305. So, also, it is held in *St. Clair* v. *Cox*, 106 U. S. 350, 359 (1 Sup. Ct. 354, 362: 27 L. Ed. 222), upon collateral attack of the judgment, that when "service is made, within the State, upon an agent of a foreign corporation, it is

essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record, either in the application for the writ, or accompanying its service, or in the pleadings or the finding of the court, that the corporation was engaged in business in the State." *Harris* v. *Sargeant,* 37 Or. 41 (60 Pac. 608), is to the same effect, although in that case the recital of the decree expressly refers to the return.

5. Neither the return nor the record, in this case, shows that the company was doing business within the State, nor that it had an office or place of business within the State. On the contrary, the complaint only shows that the corporation is a foreign corporation, and that it owns the property in question situated in Josephine County. Generally, if the record is silent as to service, or, in the absence of a return, there is a recital of due service, then, upon a collateral attack, jurisdiction will be conclusively presumed. But where the record contained the return of service, then the recital must be considered as referring to such return; and in this case the record discloses that there was no service upon the Althouse Mining Co., and the court acquired no jurisdiction over it.

6. Defendant, however, attempted to remedy this defect by an amended return of the sheriff, in which W. A. Story, who was sheriff at the date of the attempted service, May 18, 1904, makes affidavit to a return in which he states that H. L. Moreland, his deputy, served the Althouse Mining Co. by delivering the copies of summons and complaint "to B. F. Walker, at the principal and only known place of business of the Althouse Mining Co., aforesaid, within the State of Oregon," he being president, etc. This does not even bring the return within the rule laid down in *St. Clair* v. *Cox,* 106 U. S. 350 (1 Sup. Ct. 354: 27 L. Ed. 222). Further, this amended return was executed December 8, 1904, and on motion of plaintiff on the 9th day of January, 1905, the court granted leave to file said amended return. Here the return of the sheriff of a service made by a deputy is sought to be amended by the then sheriff,

now out of office; not as to matters of form, but by adding facts relating to such service. This we think is not competent. "The amendment can only be properly made by the officer who served the process or in accordance with memoranda made by him, which state the facts that were omitted or incorrectly set forth in the return: Murfree, Sheriffs, § 876. See, also, *O'Conner* v. *Wilson,* 57 Ill. 226; *County of La Salle* v. *Milligan,* 143 Ill. 321 (32 N. E. 196). The ex-sheriff, W. A. Story, cannot be presumed to know what was done by his deputy in making a service; and, if the facts in such a case may be established from memoranda of the deputy, it must be upon proof to the court: Murfree, Sheriffs, § 875a (page 440u) ; *In re Bayley,* 132 Mass. 457; *Smith* v. *Martin,* 20 Kan. 572; *White* v. *Ladd,* 34 Or. 422 (56 Pac. 515) ; *Fisk* v. *Hunt,* 33 Or. 424 (54 Pac. 660). Therefore, the jurisdiction in *Camp* v. *Althouse Mining Co.* is not aided by the amended return.

7. The service of the summons in the suit of *Camp* v. *Althouse Mining Co.* upon Mrs. O. Julien, the plaintiff's assignor, which is by publication, is questioned as to the proof of mailing. The affidavit for an order of service by publication states her postoffice address, and the order of the court requires the mailing accordingly. The summons requires the defendant to appear and answer "on or before the last day of the time prescribed in the order for the publication." The order for publication is dated May 16, 1904. The first publication was June 25, 1904, and the last August 6th. The affidavit of mailing was made by Ernest Lister on the 4th day of January, and filed on January 9, 1905, and states that the copies of summons and complaint were mailed August 6, 1904, so that the mailing was not a compliance with the order of the court or the statute, and was not actually made until the last day of the time limited in the summons for her appearance, and is insufficient to give the court jurisdiction: *Bank of Colfax* v. *Richardson,* 34 Or. 518 (54 Pac. 359: 75 Am. St. Rep. 664).

9. Then, four months after the entry of the decree, *i. e.,* May 3, 1905, plaintiff files an amended return of mailing, viz., an

affidavit of Lister that the mailing was done on June 25, 1904. It does not appear that leave of the court was obtained to amend such return, nor is there any showing made by affidavit as to facts upon which to base the order for leave to amend it so, and such amendment is ineffectual to aid the jurisdiction of the court. Therefore the decree in *Camp* v. *Althouse Mining Co.* was ineffectual to foreclose the Camp mortgage, and does not bar plaintiff in this suit from foreclosing his mortgage.

9. In the suit before us, default was rendered against the Althouse Mining Co., and is not questioned in the record, but defendant, in his brief urges that plaintiff is not entitled to a decree, for the reason that the affidavit for publication does not sufficiently show that the Althouse Mining Co. had no clerk in the county, or that such clerk had no residence there. It does show that defendant was a foreign corporation with its principal office and place of business in Yreka, California; had theretofore been engaged in mining in Josephine County, but had ceased such operations therein, and has no officer or agent therein upon whom service of the summons can be made, but that its officers reside, and now are, at Yreka, California. We think this is sufficient to show that service could not be made in Oregon under Section 55, B. & C. Comp.

10. These views result in a reversal of the decree of the lower court; but we believe that a final decree should not be entered here which would defeat defendant's rights under his mortgage. The record discloses that defendant has a prior mortgage upon the same property in the sum of $4,256; and this is admitted by plaintiff in his complaint, but he claims it has been paid. Yet the only contest in the case was whether the decree of foreclosure of said mortgage is valid as against the Althouse Mining Co., and no proof being offered by plaintiff to show payment, hence an issue is left undisposed of. The lower court held this decree of foreclosure to be valid, and, this court now holding such decree void, defendant is still entitled to have his mortgage foreclosed; but in the present condition

of his answer this court cannot give him the relief to which he is equitably entitled.

Therefore, on the authority of *Smith* v. *Wilkins,* 31 Or. 421 (51 Pac. 438), and *Robson* v. *Hamilton,* 41 Or. 239 (69 Pac. 651), the cause will be remanded to the lower court with leave to amend his answer, and such other proceedings as may be proper, not inconsistent with this opinion.                    REVERSED.