Argued January 14, decided February 3, 1914.

## MATTHES *v*. HOLMAN.

(138 Pac. 248.)

**Intoxicating Liquors—Local Option—Notice of Election.**

1.  The provision of Section 4925, L. O. L., for the insertion in notices of a local option election of the number and name, if any, of precincts in a subdivision of the county and the boundaries of the subdivision is only directory, and is substantially complied with if the name of the city or precinct given is sufficient to inform the voter whether his residence is in the district.

> [As to burden of proof of adoption of local option law in prosecutions for illegal sale of liquor, see note in Ann. Cas. 1913E, 577.]

**Intoxicating Liquors—Local Option—Suit to Set Aside Election.**

2.  In a suit to enjoin a County Court from declaring the result of a local option election on the ground that the election was void, plaintiff cannot raise the question whether persons residing outside the town in which the election was held voted.

**Intoxicating Liquors—Local Option—Notices of Election—Return of Sheriff.**

3.  The court may properly permit the sheriff to amend his return as to the posting of notices of a local option election by inserting therein the name of the town where they were actually posted in place of the name of another town which he had inserted through clerical error, at any time, so long as no one has innocently acted on the false return as correctly stating the facts.

**Intoxicating Liquors—Local Option—Time for Election.**

4.  A local option election was properly held in a town on November 4, 1913, though one had been held therein on November 5, 1912, resulting in a vote against prohibition; the only limitation as to the time of holding the election being that it must be on the first Tuesday after the first Monday in November of any year.

From Multnomah: JOHN P. KAVANAUGH, Judge.

This is a suit by Herman Matthes and Hans Jacobsen against Rufus C. Holman, W. L. Lightner and D. V. Hart, as county commissioners of Multnomah County, Oregon. The facts are set forth in the opinion of the court.

For appellants there was a brief and an oral argument by *Mr. George Perkins.*

For respondents there was a brief over the names of *Mr. John A. Collier,* Deputy District Attorney, and

*Mr. Walter H. Evans,* District Attorney, with an oral argument by *Mr. Collier.*

In Banc.    MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit to enjoin the County Court of Multnomah County from declaring the result of the local option election, and from issuing an order prohibiting the sale of intoxicating liquors in the town of Gresham, Multnomah County, Oregon; plaintiff contending that the election held on November 4, 1913, was void for the reasons stated briefly as follows: (1) That a local option election within an incorporated city or town cannot be held except at a general state election, or on a day of a regular city election, which latter in this case is the first Tuesday after the first Monday of December of each year; (2) that the order for the election was void, because the petitioners asking for the election were not registered, and because the said order did not give the boundaries of the city; (3) that the petitions were void for the same reasons; (4) that votes were cast on this question by persons residing outside the city; (5) that the proof of posting the notices did not show that any had been posted in Gresham; (6 and 7) that the ballots were prepared by the county clerk, instead of by the city recorder, and the election held and certified by the election officers appointed by the county court; (8) that the ballots did not describe the boundaries of the city; and (9) that a second election was attempted to be held within a year after a local option election had resulted against prohibition, namely, on November 5, 1912.    Error is assigned in the decree on these grounds.

The questions raised by assignments Nos. 1, 2, 3, 6, and 7 are decided in the opinion in *Wiley* v. *Reasoner,* this day handed down, which is referred to as controlling here.

1. As to the objection that the petitions, notice of election, order calling the election, and the form of ballots are insufficient, because they fail to disclose the boundaries of the city, the requirements of Section 4925, L. O. L., as to the ''number and name, if any, of precincts embraced in a subdivision of the county, and the boundaries of such subdivision,'' are only directory, and are substantially complied with if the name of the city or precinct given designates the territory in which the election is to be held, and is sufficient to inform the voter whether his residence is within the district. The name of the subdivision here designated as the town of Gresham is ample for that purpose.

2. The fourth assignment of error, as to whether persons residing outside the town of Gresham voted on local option, cannot be questioned in such a proceeding as this.

3. Referring to assignment No. 5, the sheriff's mistake in writing in his return the word ''Lents'' instead of the word ''Gresham'' as the town in which the notices were posted appears to have been only a clerical error; the sheriff offering to amend the return to conform to the fact, and stating that said notices were actually posted in the town of Gresham, and not in Lents. It is entirely proper for the court to permit a return to be amended to conform to the facts at any time after the return is made, so long as no one has innocently acted on the false return as correctly stating the facts, and an amendment thereof would result in no injury or loss to him: 32 Cyc. 539, 540; *Knapp* v. *Wallace,* 50 Or. 348, 355 (92 Pac. 1054, 1057, 126 Am. St. Rep. 742) ; *St. Clair* v. *Cox,* 106 U. S. 350 (27 L. Ed. 222, 1 Sup. Ct. Rep. 354). The record itself shows that Gresham is in precinct 168, Multnomah County. The complaint so states, and gives the boundaries of it, as well as of precinct No. 168, and the offer by the sheriff to amend his return to conform to the facts as

set forth by stipulation. The only objection thereto is that the return cannot be amended after the election is held. It sufficiently appears that the error in the return was only clerical, and that the notices were correct and sufficient.

4. As to objection 9, that the election here questioned was held on the 4th day of November, when a previous local option election was held on November 5, 1912, resulting in a majority vote against prohibition, plaintiff contends that the second election cannot be held within one year after the unsuccessful vote. We find no such limitation in the statute. The provision is that the election can be held only on the first Tuesday after the first Monday in November of any year, which is the only limitation upon a second election after a negative vote has resulted.

The complaint was vulnerable to the demurrer, and the decree is affirmed.        AFFIRMED.

MR. JUSTICE BURNETT dissents.