## Kimbrough *et al. vs.* Pitts.

[WARNER, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

1. When the judge of the superior court is disqualified and a judge *pro hac vice* is appointed by the clerk of the court from the members of the bar, objection to such appointee's presiding in the cause should be made to the judge *pro hac vice*; otherwise it is waived. If the appointment was invalid, the case is still pending in the court below and no writ of error is legally before this court.

2. Counsel have a lien on a suit undertaken by them for fees, and may prosecute such suit in this court in the name of the client for the recovery of such fees, without regard to the objections of the client and his direction to dismiss the writ of error. Code, §1989; 56 *Ga.*, 279.

3. Where in the body of the appeal bond it is recited that the appellant came within four days to enter his appeal, and the date of the attestation is left blank, the appeal will be held to be in time. Irregularities in matters of appeal and appeal bond are not fatal, but amendable.

4. An affidavit claiming property as "the property of said J. W Kimbrough (agent) under an exemption under the statutes, set apart 30th November, 1877, by F. M. Brooks, ordinary of Muscogie county," without alleging for whom he was agent and for whom the property was exempted and set apart, is insufficient, the claimant and defendant in execution being the same person.

5. A claim affidavit is not amendable—especially by the counsel where the client refuses to take the oath. Code, §3504.

6. Neither the sureties on a claim bond nor the attorneys can be made parties to the claim case, and a writ of error by them will be dismissed.

Practice in the Superior Court. Attorney and client. Lien. Appeal. Claim. Homestead. Amendment. Practice in the Supreme Court. Before L. T. DOWNING, Esq.,

Judge *pro hac vice.* Muscogee Superior Court. May Term, 1879.

An execution from the county court of Muscogee county was levied on certain personalty as the property of J. W. Kimbrough, and was claimed by him as the head of a family. The claim affidavit stated that the property levied on was " the property of said J. W. Kimbrough (agent), under an exemption under the statute, set apart 30th November, 1877, by F. M. Brooks, ordinary of Muscogee county, after due and legal notice to said J. W. Pitts." Flournoy and Epping were securities on the claim bond. On the issue formed in the county court, the property was found not subject, and plaintiff appealed. The appeal bond recited in the body thereof, that it was within four days, but the attesting clause was dated " this —— day of June, 1878."

When the case was called in the superior court, the presiding judge, Hon. M. J. CRAWFORD, stated that he was disqualified, and directed counsel to agree upon a judge *pro hac vice.* They failed to do so, and Judge CRAWFORD directed the clerk to appoint a judge to preside. To this exception was taken before Judge CRAWFORD. L. T. Downing, Esq., was then appointed. Claimant's counsel moved to dismiss the appeal on account of the want of date already stated, and for other reasons not material here. The motion was overruled, and exception was taken.

Plaintiff's counsel moved to dismiss the claim because of want of sufficiency in the affidavit. One of the counsel for claimant stated in his place that the affidavit had been amended in the court below by inserting " as the head of a family, a wife and minor children." The court ruled that the appeal brought up the case *de novo,* and that the amendment was no part of the affidavit. Counsel for claimant then moved to amend by inserting the names of the beneficiaries of the homestead. The court required such an amendment to be under oath. The claimant refused to take the

necessary oath, and the court would not force him to do so. His counsel then asked to be made parties, on the ground that they had a contingent fee in the property, that both plaintiff and claimant were insolvent, and their client was colluding with the plaintiff to defraud them. The court held that they could not become parties so as to amend the original claim affidavit. Flournoy and Epping, the securities on the claim bond, then asked to be made parties. They allege that the property had been turned over to them to be credited on a mortgage *fi. fa.*, as against which the homestead had been waived, and therefore that they had an interest in the case. The court repeated the ruling made by him on the application of the attorneys. The claim was dismissed, and claimant's attorneys filed a bill of exceptions, alleging error in each of the above rulings. The bill of exceptions was made in the name of "claimant (and those at interest.)"

In the supreme court, counsel for defendant in error presented an affidavit from the claimant in the court below to the effect that the exceptions were without his consent, that he was contented with the judgment, and that he desired the case dismissed. The court ruled as set out in the 2d and 6th head-notes.

SAMUEL B. HATCHER; HENRY R. GOETCHIUS, for plaintiffs in error.

D. H. BURTS; BLANDFORD & GARRARD; PEABODY & BRANNON, for defendant.

JACKSON, Justice.

The syllabus and authorities there referred to, with the facts reported by the reporter, will indicate with sufficient clearness the judgment of this court affirming the ruling below, without elaborating the case more fully or giving further reasons for this judgment. The judgment is affirmed.