MARY E. COUNSMAN V. MODERN WOODMEN OF AMERICA
ET AL.[*]

FILED SEPTEMBER 17, 1903. No. 12,964.

**Mutual Benefit Association: CHANGE OF BENEFICIARY.** A change of beneficiaries made by a member of a mutual benefit insurance association, which does not reach the head office until after the death of the member and then is refused because not in accordance with the by-laws as to a part of the fund, has no effect as to the part of the fund in reference to which it is in proper form, the association having a by-law which declares the old certificate to be in effect until the new one is delivered.

ERROR to the district court for Douglas county: WILLIAM W. KEYSOR, DISTRICT JUDGE. *Reversed.*

*Charles G. McDonald* and *James A. C. Kennedy,* for plaintiff in error.

*George W. Cooper, contra.*

HASTINGS, C.

This case presents but one question for our consideration, that is, whether or not the beneficiary in the insurance certificate of Ulysses G. Counsman was changed by his action on the 28th day of May, 1901, he having died before six o'clock in the morning, on May 29 of that year. On the evening of the 29th his benefit certificate, with the indication of the change, was forwarded to the head camp of the order by W. B. Wardell, clerk of Omaha Camp No. 1,833. Counsman died on the next morning, and his benefit certificate was received at the "head camp" in Rock Island on the 30th, and on the 31st, no notice of his death having yet been received, the certificate was mailed to the clerk at Omaha by the head clerk, with a letter refusing to make the requested change, because it was not in accordance with the by-laws of the association. The certificate had named his son to the extent of $1,500, and his wife to the extent of $500, as beneficiaries and the proposed

---

[*] Rehearing allowed. See opinion, p. 713, *post.*

change named his mother instead of his wife and his father as trustee for the boy as to the remainder of the benefit. Such a trustee is forbidden by the rules of the organization and the certificate was, therefore, returned to be corrected, but of course could not be after the death of the assured. The organization paid the $1,500 due the boy to his guardian. The $500 was claimed both by the mother and the wife. The association filed its petition asking leave to pay the $500 into court and be relieved from further liability, and that the court dispose of the fund. This order was granted. The mother, Arabella Counsman, and the wife, Mary E. Counsman, each filed answer and cross-petition claiming the money; the money was paid and the association discharged. The district court found the mother was entitled to the $500. Motion for new trial was filed by the wife, on the ground that the decision was contrary to law and not sustained by sufficient evidence, and also on the ground of newly discovered evidence, and errors of law occurring at the trial. This motion was overruled. Supersedeas bond was given, and the case brought by petition in error to this court by attorneys MacDonald and Kennedy, on leave obtained in this court because of the refusal of their client to prosecute the action and because of their having an interest in the result under an agreement for a contingent fee.

The only point urged is that the evidence was insufficient to show a right on the part of the mother; that the attempt to change the beneficiary was not completed. The benefit certificate was dated May 23, 1898. By a provision of the by-laws in force at that time a member in good standing at any time might change the beneficiary by paying to the camp clerk fifty cents and delivering his certificate with the surrender clause on the back of it filled out to designate the change. This surrender should be executed in the presence of the camp clerk, but if he could not be present, then its execution might be attested or acknowledged by any person authorized to administer oaths and take acknowledgments. The local clerk was to

forward this certificate, with the surrender clause indorsed and one-half of the fee, to the head clerk, who should there-upon issue a new certificate to the beneficiary named in the surrender clause, provided such beneficiary should meet the requirements of the by-laws.

In June, 1899, however, this provision was changed and a new by-law adopted identical with the old one, but with the clause added that no change in the beneficiary shall be of effect until the delivery of the new certificate, and until then the old certificate shall be held in force. Both pro-vided that no change should be of binding force unless made in compliance with this section. It is not claimed that this was done, but it is claimed that the assured in his lifetime having changed the beneficiary, so far as he could with reference to this $500, it should be upheld; that the change with regard to his son, which was made at the same time, but was not in accordance with the by-laws of the organization and was refused, had nothing to do with this $500.

It is claimed on behalf of the defendant in error that this new by-law, adopted in 1899, after the issuance of this certificate, has no relation to it. This, however, can not be the case, for the benefit certificate itself expressly pro-vides for a compliance with the by-laws in existence and with such as should thereafter be adopted.

The real question is whether any one but the association could raise the question that this change had not been ac-quiesced in by the association. The learned trial court seems to have regarded the matter of beneficiary as wholly within the disposal of the assured. We can not so regard it. It is a matter of agreement between the assured and the association. It was something which the association was to do. Under its by-laws' requirements he was power-less to do it himself. After his death, it would seem that the association and the local camp clerk were powerless to do it for him. Doubtless, if he had procured his benefit certificate to reach the head camp in his lifetime in due form, so that it would have been entitled to the approval

and the issuance of a new certificate, in the absence of express restriction in the by-laws, a new beneficiary would be entitled to receive the fund. Our own court, it is true, has held that beneficiaries have no vested interest in certificates of this kind until the death of the assured, and that the power to change rests with the assured and the association. The change, however, is conditional upon compliance with the laws of the society. *Fisher v. Donovan*, 57 Neb. 361.

It would seem that the death of the assured, Counsman, before the presentation, even, of this requirement for a change of beneficiaries, which was refused when presented because of its noncompliance with the by-laws of the association, effectually prevented his desire in this respect from taking effect, and caused the right to the fund to vest upon his death, *eo instante*, in the beneficiary named in the certificate, which the by-laws provided should be still in force.

It is recommended that the judgment of the trial court be reversed and the cause remanded.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is reversed and the cause remanded.

REVERSED.

The following opinion on rehearing was filed February 4, 1904. *Judgment of reversal adhered to:*

Proceeding in Error: ATTORNEYS' FEES. Attorneys who have undertaken to establish, for a contingent fee, a client's right to a fund in court, and who, after rendering valuable services, have been defeated in the district court, and who have furnished a supersedeas bond to retain the fund, and are taking steps to have the decision against their client reviewed on error, are entitled, when their client under these circumstances refuses to pay them and instructs them to proceed no further on her behalf, to prosecute error proceedings in her name, on their own behalf, in order to collect their contingent fee out of the fund still in court, if they can establish their client's right to it.

HASTINGS, C.

A rehearing has been allowed in this case chiefly because of the fact that it is now being carried on by the attorneys of Mary E. Counsman. An order of the court appears in the record allowing them to do so. This was taken by us as conclusive at the former hearing, and no attention was paid to the question as to their right to maintain a petition in error, although counsel for defendant in error devoted a considerable part of their brief to that question. It subsequently appearing that the order permitting Mary E. Counsman's attorneys to prosecute the petition in error, notwithstanding her refusal to do so, was entered *ex parte* and was provisional only, a rehearing was allowed as to that question and incidentally to the entire case.

The petition in error was filed by counsel, through some misunderstanding, in their own names. A good deal of the assault upon it is due to that fact. There seems no doubt that to entitle one to prosecute error in his own name he must be a party to the record in the trial court. It seems equally clear that the petition in error must make all the parties who do not join in it defendants. The original petition did not make Mary E. Counsman a party to this action and was, as stated, in the names of the attorneys. They have now filed, by leave, an amended petition in the name of Mary E. Counsman, such as they were by the first order allowed to file. Their right to do this is still challenged on the ground that they perfected no lien by giving notice in the lower court and that they make no claim of fraud upon them in the action of their client. So far as the want of notice is concerned, it has been decided that no particular form of notice is necessary. *Cones v. Brooks,* 60 Neb. 698. The money in question in this action is still, so far as the record discloses, on deposit pursuant to an order of the trial court awaiting the ultimate disposition of this case. Notice to the other party by any means, before it is paid out, ought to be sufficient to answer the re-

quirement of the statute in regard to attorneys' liens. Compiled Statutes, chapter 7, section 8 (Annotated Statutes, 3607).

Counsel for Mary E. Counsman tried her case in the district court, and after defeat secured a supersedeas bond, under which the money is still held. They also procured a settlement of a bill of exceptions. Then they received notice to proceed no further. Their client denied having received anything on account of the action, and refused to pay them anything on the ground that their fee was contingent upon a recovery. In this situation they were allowed to prosecute error in her name, at least to the extent of establishing their own right.

Counsel now concede that if the attorneys have a right in the fund it is permissible for them to proceed in their client's name even after her refusal to go on. The well known doctrines that a party refusing to pay counsel will not be allowed to discontinue an action, and that a court will enforce a lien upon a fund in its possession, seem clearly applicable. *Howard v. Town of Osceola,* 22 Wis. 453; *Black v. Black,* 32 N. J. Eq. 74.

It is true that a petition in error is in form the commencement of a new action, but it is in fact merely a means for the continuance and obtaining a new trial of the old one, and in the present case an appeal would have accomplished the same purpose. There seems no reason why the present proceeding should not, so far as this question is concerned, be regarded as merely a continuation of the original action and one which the attorneys have a right to pursue to the extent of their interest. Of course, if they have a right to proceed in their client's name, she is, for the purpose of such proceeding, a party.

So far as the question of the former decision on the merits is concerned, counsel only complain that it shows a misapprehension, as to the state of the record in respect to the by-laws, showing that benefits would not be made payable to a trustee. The record seems to be silent as to that, except that the new designation of beneficiary on

behalf of the son was refused on that ground before the head camp learned of assured's death.

Whether that position was well or ill taken, seems not material to this case. The right of Mary E. Counsman to the money is held to have accrued before the application to change reached the head camp. By virtue of the assured's death on the 29th, and of the application not reaching the head clerk till the 30th of the month, her right became absolute under the by-law making the old certificate in force until the new one should issue. Whether this application received after the assured's death was rejected for a valid or an invalid reason, seems to be of no importance.

It is urged that if the judgment is reversed, it be only as against the attorneys' lien. The judgment as against Mary E. Counsman is an entirety. The attack upon it is in her name and in right of a claim under a contract made with her. We do not see how the judgment can be held good as against her and bad as against these attorneys claiming through her. The litigation as it now stands is in form a contest between Mary E. Counsman and her late husband's mother, Arabella Counsman, over this $500 which has been deposited subject to the order of the district court. The Woodmen Association was long ago dismissed out of the action. The disposition of this fund is all that is before the court. The disposition made by the district court is found to have been erroneous.

If Mary E. Counsman has in any way lost her right in the fund, after the judgment is reversed, the record does not show it. The only showing is her attorneys' statement that she directed the discontinuance of proceedings in error and denied having received anything. If she has lost her right in the fund, or does not care to further assert it, she, of course, can get nothing by any further action of these attorneys. On their own showing they have not, at the present time, any authority to act in her name except for the protection of their own rights.

If for any reason Mary E. Counsman's right to this fund

has been lost, that can be shown whenever her claim is sought to be asserted. As before suggested, there seems no ground in this record to say, now, that such is the case. Her statement to her attorneys was that she had received nothing, but did not wish to prosecute the case further. This would not of itself bar a recovery on her behalf, after the judgment against her is reversed, if she renews her claim.

It is recommended that the former decision in this case be adhered to.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former decision in this case is adhered to.

REVERSED.