Argued on motion to dismiss appeal April 12, sustained April 15, rehearing denied May 20, 1919.

## SCHULTZ v. WALRAD.

(179 Pac. 904, 991.)

**Appeal and Error—Extension of Time for Filing Transcript—Necessity of Notice of Appeal.**

1. Trial court has no jurisdiction to extend time for filing of transcript on appeal until a notice of appeal has been served.

### ON PETITION FOR REHEARING.

**Appeal and Error—Service of Notice of Appeal by Mail—Affidavit on Rehearing.**

2. There can be no service by mail of a notice of appeal under Section 540, L. O. L., unless appellant's attorney resides in a different place from the attorney for respondents, so that an affidavit supporting petition for rehearing on the order made dismissing the appeal for lack of service of notice of appeal, which fails to show where the notice was mailed to the attorney for respondents or the residence of appellant or his attorney, is defective.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

Action by J. C. Schultz and E. V. Maulding against B. L. Walrad. Judgment for plaintiffs, and defendant appealed. Motion to dismiss appeal. SUSTAINED.

*Mr. Frank Schlegel,* for the motion.

*Mr. Milo C. King, contra.*

PER CURIAM.—1. This is a motion to dismiss an appeal.

Judgment was entered against defendant on December 5, 1918. Notice of appeal was served on January 20, 1919. Before the notice was served, and on January 14, 1919, the defendant applied for, and secured from the Circuit Court, an order extending the time within which to file the transcript on appeal until March 15, 1919. No other extension was granted and plaintiff moves to dismiss the appeal.

The court had no jurisdiction to extend the time for filing a transcript on appeal until a notice of appeal had been served: *Wolf* v. *City Ry. Co.*, 50 Or. 64 (85 Pac. 620, 91 Pac. 460, 15 Ann. Cas. 1181). This court, as will be observed from a perusal of the above cited case, has been exceedingly liberal in its construction of the statute permitting an extension of time for filing transcripts in this court, but to so construe it as to permit a party to have such extension before he has even given notice of his intention to appeal, would be invoking a liberality beyond all reason and beyond the intent of the statute. As said in *Kelley* v. *Pike,* 17 Or. 330 (20 Pac. 685):

"An appeal from the Circuit Court to this court, under our system of practice, is a new proceeding."

It would seem that at least the first step required in such proceeding, which consists in the service and filing of a notice, should be taken, before the Circuit Court has authority to authorize an extension of time to file a transcript.

The motion to dismiss is sustained.

APPEAL DISMISSED.

---

Denied May 20, 1919.

PETITION FOR REHEARING.

(179 Pac. 991.)

On petition for a rehearing on motion to dismiss an appeal. APPEAL DISMISSED. REHEARING DENIED.

*Mr. Milo C. King,* for the petition.

*Mr. Frank Schlegel, contra.*

PER CURIAM.—This is a petition for rehearing upon the order made dismissing defendant's appeal: *Ante,* p. 315 (179 Pac. 904).

2. In the petition and affidavit accompanying it, it is set up that previous to the notice of appeal, which appears in the transcript, upon which the motion to dismiss was based, the appellant's attorney served a notice of appeal upon Frank Schlegel, attorney for respondents, by mailing to him at his office in Portland, Oregon, on December 19, 1918, a duly certified copy; that upon the succeeding day the attorney for appellant called at said Schlegel's office to secure an acceptance of service in person, but found the attorney absent; that on December 21, 1918, appellant's attorney inadvertently filed the notice without any proof of service being indorsed upon it; that an hour later he met counsel for respondents and requested him to step into the clerk's office and sign the acknowledgment on the original notice of appeal, which the attorney refused to do on the ground that it was filed and of record; and thereafter the clerk of the court refused to allow counsel to make a certificate of service by indorsement thereon for the same reason. Thereupon, for the purpose of completing the record, counsel for appellant served a second notice of appeal and undertaking, which appears in the original transcript herein, and caused it to be certified to this court. He now moves for leave to amend the transcript by filing the first notice above mentioned, with proof of service, to conform to the facts set forth in the affidavit.

The affidavit does not show the facts necessary to constitute service by mail. Section 540, L. O. L., reads as follows:

"Service by mail may be made, when the person for whom the service is made, and the person on whom it is to be made, reside in different places, between which there is a communication by mail, adding one day to the time of service for every fifty miles of distance between the place of deposit and the place of address."

In *Fisk* v. *Hunt,* 33 Or. 424 (54 Pac. 660), the court used the following language:

"It was also insisted that the constable could have made a good and sufficient return of service by mail, but the contention is not tenable. We would infer from the affidavit that the plaintiff's residence was at Wagner, while that of defendants was at Winlock,— different places within Grant County, between which there was communication by mail. But the deposit was made in the postoffice at Wagner, addressed to the respondent at Wagner. The statute provides (Hill's Ann. Laws, 528, 529) that 'service by mail may be made, when the person for whom the service is made, and the person on whom it is to be made, reside in different places, between which there is a communication by mail, adding one day to the time of service for every fifty miles of distance between the place of deposit and the place of address.' 'In case of service by mail, the copy must be deposited in the postoffice, addressed to the person on whom it is to be served, at his place of residence, and the postage paid. The service shall be deemed to be made on the first day after the deposit in the postoffice that the mail leaves the place of deposit for the place of the address, and not otherwise.' These sections provide for substituted service in derogation of the common law, and a strict and literal compliance with them is required to confer jurisdiction on the appellate tribunal: 2 Enc. Pl. & Prac. 226. Such being the case, the deposit, to have been effectual as contemplated thereby, should have been made in the postoffice at Winlock, the appellant's place of residence, they being the parties for whom service was attempted; and it was insufficient to make the deposit at Wagner, the place of residence of the party on whom the service was intended to have

been made: *Reed* v. *Allison*, 61 Cal. 461. These considerations affirm the judgment of the court below, and it is so ordered.''

From this it will be seen that there can be no service by mail unless the parties reside in different places, and there can be no such service where both the parties reside in the same place and have the same postoffice address. The affidavit fails to show where the notice was mailed or the residence of the appellant or his attorney, and is, therefore, defective.

As to whether the service of a second notice and undertaking, and the filing of a transcript here under that, should be deemed an abandonment of the appeal originally attempted, we express no opinion.

The petition for rehearing is denied.

APPEAL DISMISSED. REHEARING DENIED.