Motion to dismiss appeal allowed May 11, 1937

# BROWN *v.* RITTERMAN

(67 P. (2d) 774)

*Butler & Jack,* of Oregon City, and *George L. Hibbard,* for appellant.

*T. Harold Tomlinson* and *Carson & Carson,* all of Salem, for respondent.

BEAN, C. J. On September 4, 1936, a verdict and judgment was rendered in the circuit court in favor of defendant and against plaintiff. On November 2, 1936, plaintiff served and filed notice of appeal to this court.

The respondent moves to dismiss the appeal herein for the reason that this court is wholly without jurisdiction to entertain it, because "the transcript on appeal was not filed with the clerk of the above-entitled court within 30 days following the perfection of the appeal herein", November 17, 1936, or within any enlargement of time for such purpose by order "made within the time allowed to file transcripts", as required by section 7-507, Oregon Code 1930.

On November 12, 1936, plaintiff served and filed an undertaking on appeal. There being no objections to the sureties on the undertaking, the appeal became perfected on November 17. The order herein attempting to enlarge the time for filing the transcript was made on January 20, 1937, "as and of the date of October 29th, 1936". This latter date was three days prior to the service and filing of notice of appeal herein.

██ In *Schultz v. Walrad*, 92 Or. 315 (179 P. 904, 991), it was held that the court had no jurisdiction to extend the time for filing of the transcript on appeal until a notice of appeal had been served, citing *Wolf v. City Ry. Co.*, 50 Or. 64 (85 P. 620, 91 P. 460, 15 Ann. Cas. 1181). It is there stated, in substance, that to construe the statute so as to permit a party to have an extension of time before he has given notice of his intention to appeal would be invoking a liberality beyond all reason and beyond the intent of the statute. An appeal from the circuit court to this court under our system of practice is a new proceeding: *Kelly v. Pike*, 17 Or. 330 (20 P. 685). An appeal is a statutory remedy and one desiring to avail himself of the privilege should substantionally comply with the statutory requirements in regard thereto.

The actual date of making the enlargement order, to wit, January 20, 1937, was 33 days after the expira-

tion of "the time allowed for filing transcripts": § 7-507, Oregon Code 1930.

The attempted nunc pro tunc order for enlargement of time, January 20, 1937, does not show or attempt to show that any order was made on October 29, 1936, or at any date prior to the date of the nunc pro tunc order, or that any request was made for such order or extension of time.

In *Hay v. Yokell,* 147 Or. 148 (32 P. (2d) 578), the plaintiff served and filed notice of appeal on May 26, 1933. Thereafter, on July 8, 1933, August 7, September 7, October 6 and November 7 of the same year, the attorneys₁ for the parties caused to be filed stipulations providing that the time for filing transcript on appeal in the cause be extended to and including the dates specified respectively in the several stipulations. No order, however, except as herein mentioned, was entered concerning those stipulations. On November 21, 1933, motion was filed by the attorneys for the respective parties requesting the court for nunc pro tunc orders approving the stipulations theretofore entered into between the parties, referring to the dates of the several stipulations, and further stated that the motion was based on the joint affidavit of the attorneys. On November 21, 1933, the court, on motion and affidavit, entered an order which stated, among other things, that "it appearing to the court that such orders should have been made as a matter of course and as a legal duty, * * * now, therefore, it is ordered that this court approve the stipulations for extensions of time", mentioning the dates of the stipulations providing for further time within which to file with the supreme court of this state the transcript of appeal pursuant to notice of appeal entered on the 27th day of May, 1933, as of

the dates of said stipulations. The order of November 21, 1933, expressed only the approval of the court of stipulations of the parties for extension of time for filing the transcript with the clerk of this court, and did not purport to take the place, and be entered as, of the various dates when the several stipulations were filed. The court did not make a separate order for each of the numerous extensions of time stipulated for or have such orders entered within the time allowed by law for the filing of the transcripts, citing section 7-507, Oregon Code 1930, and stating that the trial court or the supreme court, however, "may, upon such terms as may be just, by order enlarge the time for filing the same, but such order shall be made within the time allowed to file transcripts". The appeal was dismissed for want of jurisdiction.

Appellant states that respondent actually had notice of appellant's appeal within 60 days from the judgment appealed from. In what manner respondent had notice is not disclosed. There is no claim that notice of appeal was served or filed, except as stated.

■ The transcript on appeal not having been filed within the time provided by law, or within 30 days from and after the 17th day of November, 1936, or within any enlargement of time for such purpose by order "made within the time allowed to file transcripts" as required by section 7-507, Oregon Code 1930, this court is without jurisdiction to try the case and the appeal must be dismissed. It is so ordered.