Submitted on motion to dismiss appeal November 10; appeal
dismissed December 1, 1942; rehearing denied January 5, 1943

## In re GRIMES' ESTATE

(131 P. (2d) 448)

Before Justices BELT, BAILEY, LUSK, RAND, ROSS-MAN and BRAND.

*Norblad & Norblad,* of Astoria, for the motion.
*Frank C. Hesse,* of Astoria, contra.

BAILEY, J.  The executor of the last will and testament of George Monroe Grimes, deceased, has filed a motion to dismiss the appeal attempted to be taken in his own name and on his own behalf by the attorney for Della L. Grimes, whose claim against the estate of George Monroe Grimes, deceased, was denied by the circuit court for Clatsop county.

Mr. Frank C. Hesse acted as attorney for Della L. Grimes in the presentation of her claim against the estate of George Monroe Grimes, deceased. It is his contention that, inasmuch as he was retained by the claimant on a contingent fee and she has refused to appeal from an adverse decision of the circuit court, he is entitled to prosecute an appeal in order to protect his interest in the matter. He bases such right largely on § 67-1601, O. C. L. A.

The notice of appeal was addressed to the executor and its attorneys. It states, among other things, that:

". . . on account of the refusal of Della L. Grimes, claimant in the above entitled claim, to appeal from the adverse decision of the circuit court of the state of Oregon for Clatsop county in the above entitled matter to the supreme court of the state of Oregon, I, Frank C. Hesse, surviving member of the former partnership of Hesse & Franciscovich, attorneys for claimant, and by reason of and for the purpose of protecting my contingent fee of about $2,200.00, up to the present time, and of my attorney's lien for professional services rendered in connection with the prosecution of the above

styled claim, in pursuance of paragraph 67-1601, O. C. L. A., granting a lien to attorneys for their compensation upon actions, . ; . hereby on behalf of myself and also on behalf and for the benefit of said claimant, appeal to the supreme court of the state of Oregon from the judgment made and entered in the above entitled matter and estate''.

The notice further states that the judgment was in favor of the executor of the estate and against the claimant, and sets forth the court that rendered it and the date of the decision. The notice is signed thus: ''Frank C. Hesse, of Attorneys for Claimant and in Propria Persona.'' The undertaking on appeal was signed by Mr. Hesse as principal and by a surety company duly licensed to do business in this state.

Prior to 1939 an attorney had a lien for his compensation, whether specially agreed upon or implied, on the papers of his client in his possession, on the money of his client in his hands, upon money in the hands of the adverse party, in an action, suit or proceeding in which the attorney was employed, by giving notice to that party, and upon a judgment or decree to the extent of the costs included therein and, ''if there be a special agreement to the extent of the compensation specially agreed on,'' from the time of giving notice of such lien to the party against whom the judgment or decree was rendered and filing the original of such notice with the clerk of the court wherein such judgment or decree was entered: § 32-303, Oregon Code 1930. That law remained unamended from the time of its enactment in 1862 until the passing of the act to which attention is now directed.

In 1939 § 32-303, *supra*, was amended by chapter 336, Oregon Laws 1939 (§ 67-1601, O. C. L. A.), to give

an attorney a lien on all papers, personal property and money of his client in his possession, for services rendered to such client, and the right to apply the money in his possession to the satisfaction of his lien and claim. By subsection 2 of § 67-1601, O. C. L. A., an attorney is also given a lien:

"Upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in his client's favor and the proceeds thereof in whosesoever hands they may be or come, to the extent of the fees and compensation specially agreed upon with his client, if there be such agreement, and if not, for the reasonable value of his services, and such lien shall not be affected by any settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award. Said lien shall be superior to all other liens except tax liens, and no party to the action, suit or proceeding, or other person, shall have the right to satisfy said lien, or any judgment, decree, order or award entered therein until the lien, and claim of the attorney for his fees based thereon, is satisfied in full; . . . Attorneys shall have the same right and power over said actions, suits, proceedings, judgments, decrees, orders and awards to enforce their liens as their clients had or may have for the amount due thereon to them."

■■ The statutory lien of an attorney from 1862 until the enactment of the 1939 amendment hereinabove mentioned was limited to the money and papers of his client in the attorney's possession, to the moneys in the hands of the adverse party, and to judgments and decrees. In the instance of moneys in the hands of the adverse party and judgments and decrees, the lien did not exist, however, until notice was given to the adverse party. By the 1939 amendment (§ 67-1601,

O. C. L. A.), the attorney's lien is not conditioned upon giving notice to the adverse party or upon filing notice of the lien with the county clerk. The lien so granted is "upon actions, suits and proceedings after the commencement thereof", in addition to a lien on judgments and decrees in favor of the client. An attorney is also given "the same right and power over said actions, suits, proceedings, judgments, decrees, orders and awards," to enforce his lien, that his client "had or may have for the amount due thereon to" the attorney.

From a reading of the notice of appeal given by Mr. Hesse, it might appear that he was attempting to appeal also on behalf of his former client, Della L. Grimes. To his brief in opposition to the motion to dismiss the appeal Mr. Hesse attaches what purports to be a copy of a letter addressed to him by Mrs. Grimes, dated September 26, 1942, advising him that she had made up her mind not to appeal. The notice of appeal was served and filed on October 13, 1942; and it was due to the refusal of Mrs. Grimes to appeal that the procedure involved herein was adopted by Mr. Hesse.

The bill of exceptions filed in the case does not indicate that Mr. Hesse has any interest whatever in the litigation, other than what may be inferred from the fact that he was the attorney for the claimant. That he undertook to prosecute his client's claim against the estate on a contingent fee basis appears only from the notice of appeal given by him and from a purported copy of a contract between Hesse & Franciscovich and Mrs. Grimes, attached to Mr. Hesse's brief resisting the motion to dismiss the appeal. The terms of that contract are contained in a letter addressed by the

attorneys to Mrs. Grimes and written on May 18, 1942, some two months before the trial of the claim of Mrs. Grimes in the circuit court. As far as material here, the contract is as follows:

> "In accordance with our oral discussion today we are willing to readjust our agreed compensation for handling your various claims against the estate of your late husband, Mr. George Monroe Grimes, on the following basis:

> \* \* \*

> "33 and 1-3 per cent of any amount realized and collected on insurance claim."

We now give attention to the authorities on which Mr. Hesse relies in support of his asserted right to prosecute this appeal in his own behalf. *Kimbrough v. Pitts*, 63 Ga. 496, is the case on which he probably places most reliance. The decision therein was rendered in 1879 and the court's ruling is announced only in the syllabus of the case as reported. As affecting the question here under consideration, only the second and sixth paragraphs of the syllabus are important, thus reading:

> "2. Counsel have a lien on a suit undertaken by them for fees, and may prosecute such suit in this court in the name of the client for the recovery of such fees, without regard to the objections of the client and his direction to dismiss the writ of error. Code, § 1989; 56 Ga. 279.

> \* \* \*

> "6. Neither the sureties on a claim bond nor the attorneys can be made parties to a claim case, and a writ of error by them will be dismissed."

The citation of the Georgia code section in paragraph 2 of the above syllabus has reference to the compilation of 1873. The statute cited, § 1989, is prac-

tically identical with § 67-1601, O. C. L. A. In fact, it would appear that the drafter of the latter section had the Georgia statute in mind as a pattern.

The bill of exceptions as prepared in *Kimbrough v. Pitts*, supra, showed that the attorneys and the sureties on the "claim bond" of exemption of the judgment debtor attempted to intervene as parties in the superior court in order to file a proper affidavit of exemption after the judgment debtor had refused to make one. It would appear from the above-quoted paragraphs of the syllabus that the appeal was taken in the name of the judgment debtor, a party to the record in the trial court, and that an appeal in the name of the attorneys would not be permitted.

The question of the right of appeal by attorneys does not appear to have been involved in the case cited in paragraph 2 of the syllabus, namely, *Twiggs v. Chambers*, 56 Ga. 279. It was therein held that the client could not, over the objection of her attorneys, have her action dismissed without compensating her attorneys for their services.

In making a check of adjudications of the supreme court of Georgia rendered since the decision in *Kimbrough v. Pitts*, supra, we have found no opinion which discusses the right of attorneys to sue out a writ of error either in their own name or in the name of the client, when the client refuses to proceed further with the case. In *Walker v. Equitable Mortgage Company*, 114 Ga. 862, 40 S. E. 1010, the court held that an attorney at law has a "lien upon suits for the recovery of real property or of money, and that the parties can not by a settlement among themselves defeat the attorney's lien for fees". And this was said to be true "not only of suits pending in the lower court but also of cases

pending here''. The court cited *Kimbrough v. Pitts,* supra, as authority therefor and quoted paragraph 2 of the syllabus of that case. The conclusion announced was that the attorneys for the plaintiffs in error had an interest in the litigation, inasmuch as their fees were contingent on the outcome of it, and that the writ of error could not be withdrawn by their client over their objection.

On rehearing in *Counsman v. Modern Woodmen of America,* 69 Neb. 710, at 713, 96 N. W. 672, 98 N. W. 414, the court gave particular consideration to the right of attorneys to prosecute a petition in error in the name of their client when the latter refused to seek a review. The attorneys had been authorized, by *ex parte* order, to file an amended petition in error in the name of their client, and their right so to do was challenged by the defendants in error in a petition for rehearing. The court, in regard to the action taken by counsel for the plaintiff in error, made this statement:

"The petition in error was filed by counsel, through some misunderstanding, in their own names. A good deal of the assault upon it is due to that fact. There seems no doubt that, to entitle one to prosecute error in his own name, he must be a party to the record in the trial court. It seems equally clear that the petition in error must make all the parties who do not join in it defendants. The original petition did not make Mary Counsman a party to this action, and was, as stated, in the names of the attorneys. They have now filed, by leave, an amended petition in the name of Mary Counsman, such as they were by the first order allowed to file. * * *

"Counsel for Mary Counsman tried her case in the district court, and after defeat secured a supersedeas bond, under which the money is still held.

They also procured a settlement of a bill of exceptions. Then they received notice to proceed no further. Their client denied having received anything on account of the action, and refused to pay them anything, on the ground that their fee was contingent upon a recovery. In this situation they were allowed to prosecute error in her name, at least to the extent of establishing their own right. Counsel now concede that if the attorneys have a right in the fund it is permissible for them to proceed in their client's name, even after her refusal to go on. The well-known doctrines that a party refusing to pay counsel will not be allowed to discontinue an action, and that a court will enforce a lien upon a fund in its possession, seem clearly applicable. [Authorities.]''

It was contended in that case by the defendants in error that a petition in error was a new action. The court answered that argument by stating that it was ''in form the commencement of a new action, but it is in fact merely a means for the continuance and obtaining a new trial of the old one, and in the present case an appeal would have accomplished the same purpose.'' The opinion further states:

''There seems to be no reason why the present proceeding should not, so far as this question is concerned, be regarded as merely a continuation of the original action, and one which the attorneys have a right to pursue to the extent of their interest. Of course, if they have a right to proceed in their client's name, she is, for the purpose of such proceeding, a party.''

The ruling of the court was that the attorneys for Mary Counsman had a right to prosecute a petition in error in her name, notwithstanding her refusal to proceed further with the case.

The last of the cases cited and relied upon by Mr. Hesse is *Evans v. Ockershausen,* 69 App. D. C. 285, 100 F. (2d) 695, 128 A. L. R. 177. From the opinion therein it appears that David F. Smith represented his wife in the district court of the United States in a proceeding involving a trust estate. He was discharged by her and later re-engaged as her attorney. Thereafter his wife discharged him a second time, which was permitted by an order of the district court, and another attorney was substituted in his stead as counsel for Mrs. Smith. In resisting the substitution of that attorney, Smith alleged that on his second employment Mrs. Smith, his client, gave him an attorney's lien on the cause of action, and that it was agreed between them that his compensation should be fifteen per cent of all sums that would accrue to Mrs. Smith out of the income of the trust estate if there should be a reversal by the United States circuit court of appeals.

The order of the district court removing Smith as counsel for Mrs. Smith and permitting the substitution of another attorney was in part as follows:

> "Ordered that David F. Smith, Esq., may take such further steps herein, and on an appeal to the United States court of appeals for the District of Columbia, for the protection and establishing of his asserted contingent fee contract and equitable lien as to him may be deemed advisable and necessary in respect thereof, provided however that said further proceedings and appeal to be so taken shall be at the instance and on the sole cost and expense of said David F. Smith, and not otherwise."

The facts stated show that Smith did take an appeal in his own right and as attorney for Mrs. Smith. In holding that the district court committed no error

in entering the above-mentioned order, the circuit court of appeals observed:

"It is settled law that a client, with an order of court, has the right to discharge an attorney, with or without cause. [Citing authorities.] We have held that an attorney dismissed without charge of misconduct will be protected by the court when it grants leave to substitute another attorney; that an attorney under a contingent fee contract is vested with an interest in the cause of action which entitled him to intervene in the suit to protect it; and that he may appear in the cause on appeal to protect his interest. Kellogg v. Winchell, 51 App. D. C. 17, 273 F. 745, 16 A. L. R. 1159."

The case last cited in the above quotation, namely, *Kellogg v. Winchell*, 51 App. D. C. 17, 273 F. 745, 16 A. L. R. 1159, involved the right of a litigant to dismiss an appeal over the objection of his counsel. Kellogg, the appellant, had engaged one Fletcher as his attorney to prosecute the case for him on a contingent basis. After the appeal from an adverse ruling in the trial court had been docketed in the appellate court, Kellogg notified Fletcher that his contract of employment had been canceled and directed Fletcher to proceed no further in the case. Fletcher nevertheless proceeded to file a brief in support of the appeal.

The appellees thereafter filed a motion requiring Fletcher to show by what authority he appeared as attorney for Kellogg. The latter himself filed a consent to the dismissal of the appeal. The court ruled that Fletcher had "full authority to docket the appeal", which gave him authority also to prosecute it.

The opinion further holds that in cases similar to the one there under consideration when permission is requested to dismiss an attorney who is not charged

with misconduct, "the court may, in its discretion, impose such conditions upon the client as will protect the attorney's interest, especially where his services were to be compensated for only by a percentage of a fund to be created through his efforts." The opinion ends with the following statement:

"This is a proceeding in equity, where forms may be disregarded. He [Fletcher] may, therefore, if he desires, prosecute the appeal, the same as if he had formally intervened, for the purpose of having his interest in the litigation determined. Whatever he does, however, must be done on his own account, for he has no longer any right to represent Kellogg. That right was terminated by the latter's letter revoking his authority. [Citing cases.] To say that Kellogg had a right to put an end to his authority to represent him is quite different from saying that the court is not required to aid Kellogg in doing so. The brief filed on behalf of Kellogg may be considered from now on as Fletcher's brief. If Fletcher elects to proceed as just indicated, he must signify his intention to do so by a writing filed within ten days from the handing down of this opinion. If he does so elect, the motion of the appellees to dismiss will be overruled; if he does not, the motion will be sustained, and the appeal dismissed, without further action of the court, at appellant's cost."

The state of Alabama has a statute which, according to the opinion in *Fuller v. Lanett Bleaching Company,* 186 Ala. 117, 65 So. 61, "is a literal reproduction" of § 1989 of the 1873 Georgia code, hereinabove cited. In the Alabama case it appears that after the appeal was submitted the appellee filed "a motion to set aside the submission and dismiss the appeal", on the ground that the plaintiff's claim had been settled. The attorneys for the appellant resisted the motion and asked to intervene for the purpose of prosecuting the appeal,

asserting that they had a lien and "interest under the statute in the suit pending". The court held that attorneys have a lien for their fees upon all suits instituted by them, and that the defendant in a civil action can not settle with the plaintiff so as to defeat the lien of the latter's attorneys or their right to proceed with the case to recover the amount of their fees, citing numerous Georgia decisions. The motion to dismiss was denied, and the plaintiff's attorneys were permitted "to intervene for the purpose of prosecuting the appeal".

It will be observed that in a number of the cases to which we have above referred the client has attempted to dismiss the appeal or the writ of error after the case has been docketed in the appellate court: *Walker v. Equitable Mortgage Company*, supra; *Kellogg v. Winchell*, supra; *Fuller v. Lanett Bleaching Company*, supra. Not in any of the cases herein cited does it appear that the attorney was permitted to take the appeal in his own name. Moreover, with the exception of *Counsman v. Modern Woodmen of America*, supra, in those cases in which the attorneys were permitted to prosecute the matter to final judgment or to take an appeal from a final judgment, in the names of their clients, the attorneys had made in the trial court a showing of their interest in the litigation. See *Kimbrough v. Pitts*, supra, and *Twiggs v. Chambers*, supra. And when the client has attempted to have other counsel substituted after the cause has reached the appellate court, or to have the appeal dismissed, the attorneys who represented him in taking the appeal have been permitted to show for the first time in the appellate court their interest in the case: *Walker v. Equitable Mortgage Company*, supra; *Kellogg v. Winchell*, supra.

■ It has so often been decided by this court that the right to appeal is statutory and that any one who desires to avail himself of that right must follow the statutory procedure, that citation of authorities is unnecessary. Section 10-802, O. C. L. A., provides that:

"Any party to a judgment or decree . . . may appeal therefrom. * * * The party appealing is known as the appellant, and the adverse party is the respondent; but the title of the action or suit is not changed in consequence of the appeals."

■ "Any party", as used in the above section, has been explained as referring to "any person who is a party to the action": *The Victorian*, 24 Or. 121, 32 P. 1040, 41 Am. St. Rep. 838. The word "party" in the foregoing statute "must be understood in the ordinary legal sense, and to embrace such persons only as become parties to the case in some mode prescribed or recognized by law, so as to be bound by the proceeding": *Barger v. Taylor*, 30 Or. 228, 42 P. 615, 47 P. 618; *Hafer v. Medford & C. L. R. Co.*, 60 Or. 354, 117 P. 1122, 119 P. 337.

■■ Della L. Grimes was a party to the judgment of the circuit court, within the meaning of § 10-802, *supra*, and because of being a party to it she had a right to appeal from the judgment entered against her. Mr. Hesse was not in any sense of the word a party to that judgment, and he therefore had no right to appeal from it on his own behalf. Nor do we believe that he had a right to appeal on behalf of himself "and for the benefit of" Mrs. Grimes.

■ The notice of appeal filed by Mr. Hesse definitely states that it is by reason of the refusal of

Mrs. Grimes to proceed that he is appealing on behalf of himself and for her benefit. The alleged contract between Mr. Hesse's former law firm and Mrs. Grimes did not expressly require or authorize that firm to prosecute an appeal in the event of an unfavorable decision in the trial court. Mr. Hesse and his partner were employed to represent Mrs. Grimes in that court. An appeal to the supreme court has many times been held to be a new proceeding, separate from the trial in the circuit court: *Shirley v. Birch,* 16 Or. 1, 18 P. 344; *Kelley v. Pike,* 17 Or. 330, 20 P. 685; *Service v. Sumpter Valley Railway Company,* 88 Or. 554, 581, 171 P. 202; *Brown v. Ritterman,* 156 Or. 405, 67 P. (2d) 774. Had Mrs. Grimes insisted that Mr. Hesse take an appeal to the supreme court, he might well have contended that he had not agreed to do so without further compensation than the contingent fee mentioned in the contract.

There is no pretense in this case that Mrs. Grimes has acted otherwise than in good faith in refusing to proceed further with the litigation. The circuit court had decided adversely to her on her claim against the estate.

In *State ex rel. Ryan v. Miller,* 82 W. Va. 490, 96 S. E. 791, a mandamus proceeding was brought against John H. Miller, judge of the circuit court, to require him to sign a bill of exceptions. Ryan, the relator, was the attorney for Margaret McClung in her suit against the Fayette Journal Company to recover damages. The case was tried in the circuit court and a verdict was rendered in favor of the defendant. The relator alleged that he had taken the case on a contingent fee and that the parties to the litigation had made a secret, fraudulent settlement of the controversy in order to defeat his claim for fees. The supreme

court held that no such agreement had been made, and, in refusing the writ of mandamus, stated:

> "It must be borne in mind in this case that a trial has been had of the cause of action, and this has resulted in a judgment adverse to the plaintiff's claim. Under our holdings it would be necessary to bring what is equivalent to a new suit in order to get rid of this judgment, if indeed it can be gotten rid of at all."

The opinion continues thus:

> "It is quite well settled that, where the plaintiff in a case becomes satisfied that his cause of action lacks merit, he may discontinue the suit, and surely where a trial of the cause of action has been had, and an adverse judgment rendered, there is no obligation upon the plaintiff to further carry on the litigation simply because his counsel desires to do so. It is not the policy of the law to protract or continue litigation, but when a party to a suit in good faith becomes satisfied that his contention is without merit, and desires to abandon it, he must be allowed to do so. Thornton on Attorneys at Law, § 646; 2 R. C. L., p. 1000."

■ The last excerpt is quoted with approval in *Crowley v. Wolf*, 281 N. Y. 59, 22 N. E. (2d) 234, 31 A. L. R. 970, followed by this comment: "The above statement seems to us to be good law and good sense." We, too, are in accord with what is said in the matter quoted, as far as it is applicable to the prosecution of appeals.

■ The question of whether, in view of § 67-1601, *supra*, the client may, without the consent of his counsel, dismiss a suit or action or an appeal after the same has been perfected, is not here involved and we express no opinion in regard to that matter. We believe that it

was not the intention of the legislature, in the enactment of § 67-1601, O. C. L. A., to confer upon the attorney such an interest in the litigation as to entitle him to take an appeal therein from the circuit court to the supreme court in furtherance of his own interest and over the honest objection of his client. The appeal is therefore dismissed.

Mr. Chief Justice KELLY took no part in the consideration of this matter.

The late Mr. Justice RAND did not participate in the decision herein announced.