Argued and submitted January 20, affirmed December 27, 2000

Donald B. POTTER,
*Appellant,*

*v.*

SCHLESSER COMPANY, INC.,
*Respondent.*

(9710-08216; CA A105159)

17 P3d 529

Michael H. Bloom argued the cause and filed the briefs for appellant.

Michael E. Farnell argued the cause for respondent. With him on the brief was Hagen, Dye, Hirschy & DiLorenzo, P.C.

Before Haselton, Presiding Judge, and Wollheim and Kistler, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals from a summary judgment in favor of defendant on plaintiff's claim for damages on the attorney's lien statute, ORS 87.445, and from the denial of plaintiff's motion for summary judgment on that claim. The trial court entered an ORCP 67 B judgment in defendant's favor on the claim. On appeal, plaintiff contends that the trial court erred in concluding that plaintiff had no recourse against defendant under ORS 87.445. Because we conclude that the statutory scheme for the creation and enforcement of an attorney's lien provides plaintiff with no cause of action against defendant, we affirm.

■ On review of cross-motions for summary judgment, we examine whether there are any disputed issues of material fact and whether either party was entitled to summary judgment as a matter of law. *Hood Technology Corp. v. OR-OSHA*, 168 Or App 293, 295, 7 P3d 564 (2000). The material facts are not in dispute. Plaintiff, an attorney, represented George Hunt in an action for racial discrimination against defendant. That action was filed in federal court in December 1996. In February 1997, Hunt and plaintiff entered into a retainer agreement entitling plaintiff to one third "of all amounts recovered in the event of a settlement after Complaint is filed and more than 14 days before any scheduled trial or hearing date[.]" On September 4, 1997, Steven Schlesser, president of defendant Schlesser Co., Inc., met privately with Hunt and entered into an agreement to settle the racial discrimination action for the sum of $12,000. Schlesser made out a check to Hunt in that amount, and Hunt cashed it that same day. During their meeting, Schlesser asked Hunt if he intended to pay plaintiff, and Hunt responded that his relations with plaintiff were his business. Schlesser and Hunt then drafted an additional signed and notarized document stating that Schlesser had "expressed his concern to [Hunt] that he inform his attorney, Don Potter, that he has settled the case." By the following day, plaintiff apparently had received information about the settlement and filed in the federal court a "Notice of Claim of

Attorney's Lien Under ORS 87.445," asserting his entitlement to a portion of the settlement proceeds in accordance with his retainer agreement.

In November 1997, plaintiff initiated this action in state court to enforce his attorney's lien against defendant Schlesser Co., Inc.[1] Hunt is not a party to this action. Plaintiff asserted that defendant violated ORS 87.475 by paying Hunt $12,000 in settlement of Hunt's case against defendant without first satisfying plaintiff's lien and that plaintiff suffered damages in the amount of $6,568.86. Plaintiff moved for partial summary judgment on his attorney's lien claim, arguing that his lien was enforceable against defendant as a matter of law. Defendant moved for summary judgment on the same claim, asserting that any lien plaintiff might have under the attorney's lien statutes was not enforceable against defendant. The trial court denied plaintiff's motion and granted defendant's motion for summary judgment on plaintiff's attorney's lien claim, concluding that there is no statutory authority for enforcement of attorney liens against third parties when settlement occurs before judgment.

On appeal, plaintiff asserts that the trial court erred in its interpretation of the relevant statutes. At issue are ORS 87.430 through ORS 87.490, which provide for attorney's liens. ORS 87.445 provides for what is generally known as an attorney's charging lien:

> "An attorney has a lien upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in the client's favor and the proceeds thereof to the extent of fees and compensation specially agreed upon with the client, or if there is no agreement, for the reasonable value of the services of the attorney."

The question presented here is what becomes of a lien when the case is settled with no judgment, decree, order or award. ORS 87.480 gives attorneys "the same right and power over actions, suits, proceedings, judgments, decrees,

---

[1] Plaintiff also made claims for intentional interference with economic relations and breach of a third-party beneficiary contract. Because the court entered an ORCP 67 B judgment on only plaintiff's statutory attorney's lien claim, the remainder of plaintiff's claims are not before this court.

orders and awards to enforce their liens as their clients have for the amount due thereon to them." However, settlements extinguish the "actions, suits, proceedings" in question, yet do not result in "judgments, decrees, orders and awards." ORS 87.445.

ORS 87.475 makes specific provisions for cases that are settled:

"(1)   Except as provided in subsections (3) and (4) of this section, *the lien created by ORS 87.445 is not affected by a settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award.*

"(2)   Except as provided in subsections (3) and (4) of this section, a party to the action, suit or proceeding, or any other person, does not have the right to satisfy the lien created by ORS 87.445 or any judgment, decree, order or award entered in the action, suit or proceeding until the lien, and claim of the attorney for fees based thereon, is satisfied in full.

"(3)   A judgment debtor may pay the full amount of a judgment or decree into court and the clerk of the court shall thereupon fully satisfy the judgment or decree on the record and the judgment debtor shall be thereby released from any further claims thereunder.

"(4)   If more than one attorney appears of record for a litigant, the satisfaction of the lien created by ORS 87.445 by any one of the attorneys is conclusive evidence that the lien is fully satisfied." (Emphasis added.)

Subsection 2 of ORS 87.475 does address some aspects of enforcement of liens created under ORS 87.445, but only in situations where a "judgment, decree, order or award" has been entered in the action.[2] That did not occur in this case. ORS 87.450 also bears on the enforcement of liens created under ORS 87.445. It provides, in part:

---

[2] We note that ORS 87.475(2) contains a textual ambiguity because it provides that a party "does not have the right to satisfy the lien created by ORS 87.445 * * * until the lien, and claim of the attorney for fees based thereon, is satisfied in full." Because the lien mentioned in the first part of the sentence is the same as the lien mentioned in the second part of the sentence, it would be impossible to apply the statute as written. However, none of the arguments presented in this case require us to address that particular ambiguity.

"(1)  When an attorney claims a lien under ORS 87.445, if the judgment or decree is for a sum of money only, the attorney must file a notice of claim of lien with the clerk of the court that issues the judgment or decree within three years after the judgment or decree is given. The clerk shall enter the notice in the records of the action or suit and shall also make a note of the filing of the notice in the judgment docket of the court.

"(2)  When an attorney files a notice of claim of lien under subsection (1) of this section, the attorney shall send forthwith a copy of the notice to the client by registered or certified mail sent to the client at the last-known address of the client."

ORS 87.455 and ORS 87.460 similarly make provisions for foreclosure of liens under ORS 87.445 where a judgment awards personal or real property.

■    We conclude that plaintiff had a lien on the federal court action, *Hunt v. Schlesser*, after that action had been commenced. ORS 87.445. At the time that the action was filed, the lien was "for the reasonable value of the services of the attorney," but when plaintiff and Hunt executed a retainer agreement in February 1997, the lien was for the "fees and compensation specially agreed upon" by plaintiff and Hunt. *Id.*

■    ORS 87.475(1) makes it clear that Hunt's settlement with Schlesser of the underlying action did not extinguish plaintiff's lien, as neither of the exceptions in subsection (3) or (4) of that statute is implicated in this case. Given that there was no longer an action, suit, or proceeding to which the lien could attach, it therefore attached to "the proceeds thereof," *i.e.*, the settlement. ORS 87.445. However, the limitation found in ORS 87.475(2) that prevents a party from satisfying a judgment, decree, order or award without first satisfying the attorney's lien does not prevent a party from settling a case without first satisfying the attorney's lien. Nor do any of the notice provisions found in ORS 87.450 through ORS 87.460 apply when an action settles before a judgment is entered. Thus, the statutory scheme contains no explicit provision that either would require an attorney to give notice of a lien to a client's opponent before a settlement is paid to the attorney's client, and contains no explicit provision that a

party settling with another party must first satisfy an attorney's lien before turning settlement money over to the attorney's client.

Plaintiff argues that ORS 87.475 "as a whole" is intended to "prevent party-opponents from avoiding an attorney's lien by settling directly with the attorney's client." Plaintiff thus suggests that we interpret ORS 87.475(2) as applying to a prejudgment settlement as well to "any judgment, decree, order or award[.]" Even assuming that plaintiff is correct about the legislative intent, the legislature's failure to include any language in the statute to that effect would preclude us from interpreting the statute as plaintiff urges, because we are unable to "insert what has been omitted" into a statute. ORS 174.010.

Plaintiff also argues that ORS 87.480, which provides attorneys with "the same right and power over actions, suits, proceedings, judgments, decrees, orders and awards to enforce their liens as their clients have for the amounts due thereon to them," gives an attorney the right to sue the client's party-opponent to enforce an attorney's lien. Since there are no "judgments, decrees, orders and awards" involved in cases that settle at an early stage, an attorney's right under ORS 87.480 is "the same right and power over actions, suits [and] proceedings * * * as [the attorney's] client." The attorney's client has no right or power over an action initiated by the attorney against the settling defendant, as the client is not even a party to the later proceeding. Nothing in the text of ORS 87.480 gives an attorney the right to initiate a separate proceeding against a client's party-opponent after a case has settled to enforce an ORS 87.445 attorney's lien.[3] *Cf.*

---

[3] ORS 87.480 can more easily be read as permitting an attorney to continue the original action despite the client's settlement. In *Adams v. Transamerica Insurance*, 45 Or App 769, 775, 609 P2d 834 (1980), this court stated:

"As a general proposition, an attorney has no interest in a settlement agreement independent of that of his client. If the attorney is entitled to attorney fees he may maintain an action against his client for those fees. However, he does not have standing to maintain this suit, in the absence of any claim of collusion between [the plaintiff and defendant], or fraud. * * *. In *Jackson v. Stearns*, 48 Or 25, 84 P 798, 5 Lns 390 (1906), the court held that an attorney could not maintain a separate suit to enjoin a settlement between his client and the defendant in a law suit commenced by the client. However, the court indicated that if, as appeared to be contended in the complaint in that case, there was collusion between the client and the defendant designed to defeat

*Willhite v. Biff's Seafood Restaurant, Inc.,* 124 Or App 360, 364, 862 P2d 580 (1993) (Attorney's lien "is not a statutory right to a separate or additional source for an attorney fee. Rather, the attorney's rights are coextensive with the client's.").

■      We conclude that nothing in the text of the attorney's lien statutes points to mechanism for an attorney to enforce a lien against a client's party-opponent when the client has settled with that party before judgment. However, we view statutory text in context, which includes prior versions of the same statute as well as case law interpreting the statute. We therefore turn to the context of the attorney's lien statutes to determine what, if any, enforcement mechanism exists for attorneys in plaintiff's position.

Oregon's first statute pertaining to attorney's charging liens was enacted in 1862, and provided:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section:

"* * * * *

"3.   Upon money in the hands of the adverse party, in an action, suit or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party;

"4.   Upon a judgment or decree, to the extent of the costs included therein, or if there be a special agreement, to the extent of the compensation specially agreed on, from the giving notice thereof of the party against whom the judgment or decree is given, and filing the original with the clerk where such judgment or decree is entered and docketed.

---

the attorney's right to fees, the attorney had a right, upon notice to the parties, to continue the pending litigation to the extent necessary to collect his fees." (Footnote omitted.)

However, an attorney's ability to continue an action against the client's wishes is highly questionable given certain provision of the Code of Professional Responsibility interpreted in *In re Adams*, 293 Or 727, 652 P2d 787 (1982), which involved the same attorney as the *Adams v. Transamerica Insurance* case. Moreover, in *In re Grimes' Estate*, 170 Or 204, 131 P2d 448 (1943), the court interpreted a prior version of the attorney's lien statutes and indicated that such a course of action may not be possible. *Grimes* is discussed in more detail below.

"This lien is, however, subordinate to the rights existing between the parties to the action, suit or proceeding." General Laws of Oregon, ch 14, § 1012, p 308-09 (Deady & Lane 1843-1874).

The history of that statute is recounted at length in Ohle, *Oregon Attorneys' Liens: Their Function and Ethics*, 27 Willamette L Rev 891 (1991). That statute was replaced in 1939 by OCLA section 67-1601, which provided:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as provided in this section:

"* * * * *

"2.   Upon actions, suits and proceedings after the commencement thereof, and judgments, decrees, orders and awards entered therein in his client's favor and the proceeds thereof in whosoever hands they may be or come, to the extent of the fees and compensation specially agreed upon with his client, if there be such agreement, and if not, for the reasonable value of his services, and such lien shall not be affected by any settlement between the parties to the action, suit or proceeding before or after judgment, decree, order or award. Said lien shall be superior to all other liens except tax liens, and no party to the action, suit or proceeding, or other person, shall have the right to satisfy said lien, or judgment, decree, order or award entered therein until the lien, and claim of the attorney for his fees based thereon, is satisfied in full; provided, however, that a judgment debtor may pay the full amount of a judgment or decree into court and the clerk of said court shall thereupon fully satisfy the judgment or decree on the record and said judgment debtor shall thereby be released from any further claims thereunder. Attorneys shall have the same right and power over said action, suits, proceedings, judgments, decrees, orders and awards to enforce their liens as their clients had or may have for the amounts due thereon to them. If more than one attorney appears of record for a litigant, the satisfaction of the lien provided for in this section by any one of said attorneys shall be conclusive evidence that said lien has been fully satisfied."

That version of the statute, like the present version, provided that a lien will attach to an action and its proceeds and that the lien is not affected by settlement of the action.

Also, like the present version, the 1939 version prohibited a party from satisfying a judgment, decree, order or award until the lien was satisfied. That version, like the present version, contained no explicit prohibition on a party paying settlement money to an attorney's client without first satisfying the attorney's lien.

The 1939 version of the statute was interpreted by the Oregon Supreme Court in *In re Grimes' Estate*, 170 Or 204, 131 P2d 448 (1943). In *Grimes*, the attorney's client declined to pursue an appeal after an adverse judgment in the lower court. *Id.* at 207. The attorney, however, filed a notice of appeal, contending that he had a right to do so based on OCLA section 67-1601. *Id.* The court concluded that it was not the intention of the legislature in enacting that statute "to confer upon the attorney such an interest in the litigation as to entitle him to take an appeal therein from the circuit court to the supreme court in furtherance of his own interest and over the honest objection of his client." *Id.* at 221. In *Crawford v. Crane*, 204 Or 60, 64-65, 282 P2d 348 (1955), the court remarked that "[g]enerally speaking, in the absence of statutory direction there is no well-settled method for the enforcement of either a retaining lien or a charging lien. The methods for the enforcement of each kind are different and for each vary in different jurisdictions." The court further observed that "[n]o statutory method has been provided in this state for the enforcement of a charging lien, as such." *Id.* at 65.[4]

The law was amended again in 1975 to its present form. Much of the operative language remained the same, as can be seen from the quoted material above. The 1975 amendments added the notice provisions now codified at ORS 87.450 through ORS 87.460, but as noted those notice provisions have no applicability to situations where parties settle an action before judgment. The 1975 amendments

---

[4] The court went on to say that it need "not here undertake to say what methods are available to appellant for the enforcement of his charging lien, nor do the exigencies of this appeal demand that we do so." *Id.* at 67. In the pre-ORCP 2 context, the court did suggest that under some circumstances a suit in equity might be called for. *Id.*

made no significant changes that would indicate that the legislature intended to create a statutory enforcement mechanism in situations where parties settled an action without discharging an attorney's lien.

In summary, the statutory scheme has provided for the creation of an attorney's lien under the circumstances at issue here and also has provided that settlement of the underlying action does not extinguish the lien. The legislature has not, however, built an enforcement mechanism into that statutory scheme that allows an attorney with a valid lien to bring an action against the party who settled with the attorney's client, as plaintiff here has attempted to do. Plaintiff argues that to read the statutes in this manner is to render them meaningless. We disagree. Plaintiff still has a valid lien. He simply has no *statutory* cause of action under ORS 87.445 *et seq.* against his client's party-opponent. The trial court correctly denied plaintiff's motion for partial summary judgment and properly determined that defendant was entitled to summary judgment on plaintiff's statutory claim for enforcement of his attorney's lien under ORS 87.445.

Affirmed.